# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DANNY HALL**, on behalf of himself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**MFM BUILDING PRODUCTS CORPORATION**, )<br>)<br>Defendant. ) | Case No.<br><br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Representative Plaintiff Danny Hall ("Representative Plaintiff"), by and through counsel, for his Class and Collective Action Complaint against Defendant MFM Building Products Corporation ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and R.C. Chapter 4111.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself and other employees similarly situated." Representative Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may joined this case pursuant to § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually related claims under the OMFWSA and R.C. 4113.15 (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant is domiciled and conducts business in this district and division, and because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

7. Representative Plaintiff is an adult individual residing in Coshocton, Ohio.

8. Representative Plaintiff's written Consent to Join this action is attached as Exhibit A.

9. At all relevant times, Representative Plaintiff was employed by Defendant as a non-exempt hourly employee.

10. During his employment with Defendant, Representative Plaintiff regularly worked more than 40 hours per workweek.

11. At all relevant times, Representative Plaintiff was an employee within the meaning of the FLSA and Ohio law.

12. Defendant is a domestic for profit corporation registered to do business in the State of Ohio.

13. According to records maintained by the Ohio Secretary of State, Defendant's registered agent is C T Corporation System located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Defendant's principal place of business is 525 Orange Street, Coshocton, Ohio 43812.

14. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Upon information and belief, Defendant has had an annual gross volume of sales made or business done not less than $500,000.

17. At all relevant times, Representative Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 and Ohio law.

## FACTUAL ALLEGATIONS

18. Defendant is a manufacturer of exterior, self-adhering waterproofing barriers for residential and commercial construction industries located in Coshocton, Ohio.

19. It manufactures a variety of construction products ranging from flooring products to HVAC products to roofing products.

20. Representative Plaintiff and those similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the OMFWSA.

## Non-discretionary Bonuses

21. Representative Plaintiff and those similarly situated were also entitled to payment of all wages earned on a semi-monthly basis under R.C. 4113.15.

22. In addition to their hourly wages, Representative Plaintiff and others similarly situated were paid non-discretionary "production bonuses" on a monthly basis.

23. The production bonuses were, in part, based upon attendance, as well as exceeding predetermined production goals.

24. Defendant did not calculate the production bonuses into the regular rates of pay of Representative Plaintiff and other similarly situated workers for the purposes of calculating overtime compensation.

25. As a result, Defendant did not pay Representative Plaintiff and those similarly situated all the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

## Unlawful Rounding Policy

26. Likewise, at all relevant times, Representative Plaintiff and those similarly situated were required to report to the facility five to ten minutes before their scheduled shifts.

27. In this time, Representative Plaintiff and other similarly situated employees would perform integral and indispensable work activities.

28. If Representative Plaintiff and other similarly situated employees did not arrive early as described above, they would be subject to discipline for being "late".

29. Despite being required to report prior to their scheduled shifts to perform work, Representative Plaintiff and others similarly situated were never permitted to clock out before the end of their scheduled shifts.

30. Representative Plaintiff and other similarly situated employees performed this unpaid work consistently as a part of their fixed and regular working time.

31. Representative Plaintiff and others similarly situated were not paid any amounts for their pre-shift work and such time was not counted as hours worked for purposes of computing overtime.

32. There was no practical administrative difficulty in recording this unpaid work of Representative Plaintiff and other similarly situated employees.

33. Defendant, however, chose to ignore this time and paid Representative Plaintiff and other similarly situated employees only from their scheduled shift time.

34. Upon information and belief, in order to ensure that Representative Plaintiff and other similarly situated employees were only paid for their set shift time, Defendant would deviate, alter, change, ignore, and/or modify Representative Plaintiff's and other similarly situated employees' time clocks to only reflect the scheduled shift time, not their actual clock in and out time or their actual working time.

35. As a result of this practice, Defendant's' rounding practice consistently favored and systematically resulted in underpayment of wages to Representative Plaintiff and other similarly situated employees.

36. Defendant knew Representative Plaintiff and other similarly situated employees were working before and after their shifts without compensation.

37. Representative Plaintiff and other similarly situated employees' unpaid performed work constituted a part of their principal activities, which Defendant required, and was for the benefit of Defendant.

38. Additionally, this unpaid work was an integral and indispensable part of other principal activities performed by Representative Plaintiff and other similarly situated employees.

39. Moreover, the unpaid pre-shift work that Representative Plaintiff and other similarly situated employees performed was at Defendant's specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. See Ohio R.C. 4111.031(B)(2) and (C)(1).

40. As a result of Defendant's rounding policies, as well as failures to count non-discretionary bonuses towards overtime, Defendant did not pay Representative Plaintiff and those similarly situated all the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

41. Also, Defendant did not pay Representative Plaintiff and those similarly situated all regular wages owed on a semi-monthly basis.

42. Defendant willfully violated the FLSA and Ohio law by failing to pay Representative Plaintiff and those similarly situated all overtime compensation earned and by failing to pay them all wages due on a semi-monthly basis, as described herein.

## COLLECTIVE ACTION ALLEGATIONS

43. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b).

45. The FLSA Collectives' members who are "similarly situated" to Representative Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary production bonuses during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Bonus Collective")**.
>
> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who performed unpaid work for Defendant, at any time from three years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Rounding Collective").**

46. The "FLSA Bonus Collective" and "FLSA Rounding Collective" will be collectively referred to as "FLSA Collectives".

47. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants' unlawful practice of failing to pay Representative Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

48. Conditional certification of this case as collectives action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

49. The identities of the putative members of the FLSA Collectives are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

50. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Representative Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary production bonuses, during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Bonus Class").**
>
> **All current and former hourly assistant manager employees of Defendant who performed unpaid work for Defendant, and who worked 40 or more hours during any workweek at any time from two years preceding the filing of this Complaint through the final disposition of this matter ("Ohio Rounding Class").**

52. The "Ohio Bonus Class" and "Ohio Rounding Class" will be collectively referred to as the "Ohio Classes".

53. The Ohio Classes are so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals per class, whose identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law.

54. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to pay non-exempt hourly employees, such as Representative Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

55. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Classes, listed above, are common to the Ohio Classes as a whole, and predominate over any questions affecting only individual class members.

56. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

57. Representative Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Classes' members.

58. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

59. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation

## COUNT ONE
### (FLSA Overtime Violations)

61. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the members of the FLSA Collectives who will join this case pursuant to 29 U.S.C. § 216(b).

63. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

64. Representative Plaintiff and the putative members of the FLSA Collectives should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of forty (40) hours per workweek.

65. Defendant miscalculated and underpaid the overtime compensation it paid to Representative Plaintiff and the putative members of the FLSA Collectives by excluding non-discretionary bonuses, including production bonuses, from the calculation of their "regular rates."

66. Defendant further underpaid the overtime compensation it paid to the Representative Plaintiff and the putative members of the FLSA Collectives by not compensating them for their hours worked performing integral and indispensable tasks prior to their scheduled shifts.

67. At all relevant times, Defendant knew it was required to pay Representative Plaintiff and the putative members of the FLSA Collectives all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

68. By engaging in those practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

69. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the putative members of the FLSA Collective were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Classes - Overtime Violations)**

70. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Representative Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

72. At all relevant times, Representative Plaintiff and the Ohio Classes' members regularly worked 40 or more hours per workweek for Defendant.

73. As hourly non-exempt employees, Representative Plaintiff and the Ohio Classes' members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek.

74. Plaintiff and the Ohio Rounding Class members were not paid for all time worked because Defendant failed to pay Plaintiff and the Ohio Rounding Class members for work they performed pre-shift, which was rounded and not compensated.

75. The unpaid pre-shift work that Representative Plaintiff and other similarly situated employees performed was at Defendant's specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. See Ohio R.C. 4111.031(B)(2) and (C)(1).

76. Representative Plaintiff and the Ohio Bonus Class members were not paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of forty (40) hours per workweek.

77. Instead, Defendant miscalculated and underpaid the overtime compensation it paid to Representative Plaintiff and the Ohio Bonus Class members by excluding non-discretionary bonuses, including production bonuses, from the calculation of their "regular rates."

78. Based upon the above practices, Representative Plaintiff and the members of the Ohio Classes were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

79. Defendant failed to pay Representative Plaintiff and the members of the Ohio Classes the required overtime compensation.

80. At all relevant times, Defendant knew it was required to pay Representative Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

81. Defendant's practice and policy of not paying Representative Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

82. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Representative Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

83. As a result of Defendant's violations of the OMFWSA, Representative Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully requests that the Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendant, jointly and severally, and in favor of Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Classes;

D. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Classes actual damages for unpaid wages;

E. Award Representative Plaintiff and the putative members the FLSA Collectives liquidated damages equal in amount to the unpaid wages found due to Representative Plaintiff and the putative members the FLSA Collectives;

F. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

G. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Classes attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

H. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**BRIAN G. MILLER CO., LLC**

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone: (614) 221-4035
Facsimile: (614) 987-7841
Email: als@bgmillerlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
*Counsel for Representative Plaintiff*